**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| **ELIZABETH ROBERTS**<br>160-11 89th Ave, #607<br>Jamaica-Queens, NY 11432 | * <br> * <br> * | |
| **Plaintiff** | * <br> * | |
| v. | * | Case No.: |
| **WASHINGTON COUNTY,**<br>**MARYLAND**<br>100 West Washington Street<br>Suite 1101<br>Hagerstown, MD 21740 | * <br><br> * <br> * | **Jury Trial Demanded** |
| And | * | |
| **HAGERSTOWN POLICE**<br>**DEPARTMENT**<br>50 N Burhans Blvd<br>Hagerstown, MD 21740 | * <br> * <br> * | |
| Serve on:<br>Paul Kifer<br>Chief of Police<br>50 N Burhans Blvd<br>Hagerstown, MD 21740 | * <br> * <br> * | |
| And | * | |
| **JOHN DOES 1 TO 2** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

1

**COMPLAINT AND PRAYER FOR JURY TRIAL**

Plaintiff Elizabeth Roberts, ("Roberts" or Plaintiff"), by her attorneys, Harry M. Rifkin and the Law Offices of Harry M. Rifkin, sues Defendant Washington County Maryland, the Hagerstown Police Department and John Does 1 to 2, police officers of the Hagerstown Police Department, ("Defendants"), and prays for a jury trial, and declares and alleges as follows:

1. Plaintiff was at all relevant times, a citizen of Washington County, Maryland. Plaintiff is of Vietnamese descent, her mother being 100% Vietnamese.

2. Defendant, Washington County, Maryland is a county in Maryland, west of Baltimore.

3. Defendant, Hagerstown Police Department is the police department in Hagerstown, Washington County, Maryland.

4. Defendants John Doe 1 to 2 are officers of the Hagerstown Police Department whose names are unknown to Plaintiff but who were the officers engaged in the illegal activities described herein.

5. This is a civil rights action seeking redress for the deprivation of fundamental rights guaranteed, inter alia, by the United States Constitution and the Maryland Declaration of Rights.

6. Roberts, an Asian woman who had committed no wrong, went to the Baymont Hotel on March 29, 2021, to meet a friend and her boyfriend who were staying there, but they had not returned from picking up his son, so stopped at the adjacent diner (The Family Diner) to get some fries and a glass of water while waiting for them to return. She then left to return to the third floor of the hotel where their room was. Roberts was recuperating at the time from a recent open abdominal hysterectomy and still had her stitches, staples and surgical glue in her.

7. She went to the end of the hallway to eat by the fire escape. Two male officers came up to her and questioned her. They did not tell her why they were there. They told her she could not be there. She asked if she needed to leave and she closed her fries and picked up her purse. She got up and stepped into the main hallway. She took one or two steps and one of the officers yelled to stop. She turned around and he grabbed her fries and threw it to the ground. The other officer threw her purse down the hall. He grabbed her arm which she had just recovered from having been broken in two places and twisted it behind her leaving her in excruciating pain. She screamed out in pain and fright while being pulled down the hallway toward the elevator at the other end of the elevator. Once on the elevator, John Does 1 and 2 continued to assault her. She had done nothing illegal and no explanation for the assault was given. She was afraid for her life. The elevator doors opened at the lobby. She was thrown on the ground and found herself handcuffed on one arm. The other officer tried to cuff her on the right arm. The first officer was upset that the other officer did not cuff the right arm and applied more pressure to her arm causing more pain. Out of fear she continued to scream out.

8. The officer trying to cuff her put his knee in her neck causing her to struggle to breathe. She kept screaming "I can't breathe, I can't breathe." She then lost consciousness. She woke up somewhere else where a medical professional was getting an intubator out of a cabinet. She could not move and was scared for her life. He then inserted an intubator into her mouth and down her throat without any anesthetic. He continued on with it. Then she lost consciousness again and woke up in the hospital heavily sedated and had no idea where she was or what had occurred. She was not arrested, charged or even cited.

9. The events described above constitute illegal racial profiling, seizure of Plaintiff's person and a brutal first degree assault which led to severe injuries by the two officers of the

Washington County Police Department whose names remain unknown to her despite attempts to obtain that information from the Washington County Police Department.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1343(a)(3) and (4) (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Venue is proper in the United States District Court for the District of Maryland under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims herein

## COUNT ONE
**(Intentional Infliction of Emotional Distress)**

12. The preceding paragraphs 1 through 11 are incorporated herein by reference.

13. Defendants acted intentionally by subjecting Roberts to the humiliating beating on third floor hallway, the elevator and the lobby of the Baymont Hotel conduct that was extreme and outrageous.

14. The public assault caused Roberts to suffer emotional distress that was severe and disabling.

15. John Does 1 to 2 acted with actual malice in the perpetration of the assault.

## COUNT TWO
**(Violation of the First and Fourteenth Amendments – 42 U.S.C. § 1983)**

16. The preceding paragraphs 1 through 15 are incorporated herein by reference.

17. At all times relevant hereto, Roberts had the rights of freedom of speech and to petition the government for a redress of her grievances under the First Amendment to the United States Constitution and enforceable against the States through the Due Process Clause of the Fourteenth Amendment. These rights encompass the right to complain to public officials, including to police officers when subjected by a law enforcement officer to unreasonable seizure and search and racial profiling.

18. At all times relevant hereto, Roberts had a right clearly established under Articles 24 and 40 of the Maryland Declaration of Rights to exercise her First Amendment rights.

19. After the unreasonable search, Defendants left Roberts unconscious and in need of urgent medical care.

20. No warning, citation or ticket were ever issued against Roberts.

## COUNT THREE
(Respondeat Superior for Violation of the common law and Constitution of the State of Maryland)

21. The preceding paragraphs 1 through 20 are incorporated herein by reference.

22. Defendants violated the rights guaranteed to Roberts under the common law and constitution of the State of Maryland.

23. At all times relevant hereto, John Does 1 to 2 were officers the Hagerstown Police Department, itself a department of the government of Washington County, Maryland.

24. The acts of John Does 1 to 2 alleged in this Complaint were within the scope of their employment as police officers of the Hagerstown Police Department.

25. Hagerstown Police Department and Washington County are liable to Roberts pursuant to respondeat superior for the common law and state constitutional violations committed by John Does 1 to 2 alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elizabeth Roberts prays for judgment as follows:

a) An award of compensatory damages against Hagerstown Police Department, Washington County, Maryland and John Does 1 to 2, jointly and severally in the amount of Five Million Dollars, ($5,000,000.00);

b) An award of punitive damages against Defendants Hagerstown Police Department, Washington County, Maryland and John Does 1 to 2 in an amount to be determined at trial;

c) An award of Plaintiff's costs and reasonable attorneys' fees.

d) Appropriate injunctive relief, including the implementation of training protocols to prevent and effectively discipline the conduct complained of herein; and,

e) An order granting such other relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury as to all issues in this case.

   /s/ Harry M. Rifkin
Harry M. Rifkin Federal Bar No. 01333
Law Offices of Harry M. Rifkin
10 Longstream Court
Unit 202
Baltimore, Maryland 21209
(410) 779-9199
(410) 710-6947 (facsimile)
hrifkin@rifkinlaw.net

## REQUEST FOR JURY TRIAL

Plaintiffs requests a trial by jury on all matters in this case.

   /s/ Harry M. Rifkin   ]
Harry M. Rifkin
Law Offices of Harry M. Rifkin

        10 Longstream Court
        Unit 202
        Baltimore, Maryland 21209
        (410) 779-9199
        (410) 710-6947 (facsimile)
        hrifkin@rifkinlaw.net